## IN THE SEVENTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## CIRCUIT DIVISION

TERESA SEIVERS, a citizen and resident
of Anderson County, Tennessee, residing at 706
Florida Avenue, Oak Ridge, TN 37830,

      Plaintiff,

v.

BETSY DEVOS, in her capacity as Secretary for
the United States Department of Education,
Department of Education Building; 400 Maryland
Avenue SW, Washington, DC, 20202

      Plaintiff.

COPY

Docket No. B8LH0093

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to serve upon Dail. R. Cantrell, of The Cantrell Law Firm, whose address is 362 South Charles G. Seivers Blvd., P.O. Box 299, Clinton, Tennessee 37717, an answer to the Complaint herewith served upon you within thirty (30) days after service of this Summons and Complaint exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this ___O___ day of ___June___, 2018.

**WILLIAM T. JONES**
_____
Clerk

_____
Deputy Clerk

SEAL — OFFICIAL — CIRCUIT COURT CLERK — ANDERSON COUNTY, TN

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the Judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself, trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.



ADA
FOR ASSISTANCE
865-463-



GOVERNMENT
EXHIBIT
1

## SERVICE INFORMATION

The Defendant, Besty Devos, in her capacity as Secretary for the United States Department of Education, Department of Education Building, 400 Maryland Avenue SW, Washington, DC 20202, can be served through the Tennessee Secretary of State's Office, Dept. of Service, Attn: Summons, Suite 1800, James K. Polk Bldg. Nashville, TN 37243.

I received this Summons on the _____ day of _____, 2018.
I hereby certify and return that on the _____ day of _____, 2018.
[ ] Served this Summons and Complaint on Defendant in the following manner: _____

_____

[ ] Failed to serve this Summons and Complaint within thirty (30) days after its issuance because:

_____

_____
**PROCESS SERVER**



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

---

DEVOS, BETSY                                                      06/20/2018
AKA/POE: U.S. DEPT. OF EDUCATION: DEPT OF EDUCATION BLI
400 MARYLAND AVE SW
WASHINGTON, DC 20202-0001


RE: TERESA A SEIVERS

VS: BETSY DEVOS

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Tre Hargett
Secretary of State

Enclosures: Original Documents

---

**DOCUMENT INFORMATION**
SOS Summons # : 05903893
Case #:            B8LA0083
Certified #:       70173380000075620946


SS-4214 (Rev. 8/15)                                                      RDA 1003

## IN THE SEVENTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## CIRCUIT DIVISION

TERESA SEIVERS, a citizen and resident          ]
of Anderson County, Tennessee, residing at 706  ]
Florida Avenue, Oak Ridge, TN 37830,            ]
                                                ]
    **Plaintiff,**          ]
                                                ]
v.                                              ]          Docket No. 18LA0083
                                                ]
BETSY DEVOS, in her capacity as Secretary for   ]
the United States Department of Education,      ]
Department of Education Building; 400 Maryland  ]
Avenue SW, Washington, DC, 20202                ]
                                                ]
    **Plaintiff.**          ]

## DECLARATORY JUDGMENT

Comes now the Plaintiff, by and through counsel, and would hereby set forth as follows:

1. The Plaintiff is a citizen and resident of Anderson County, Tennessee. The

   Defendant, Betsy Devos, is being served in her capacity as Secretary for the United

   States Department of Education, the governmental entity that has garnished the

   Plaintiff's wages. The Plaintiff is bringing this action pursuant to T. C. A. 29-14-101

   in seeking a Declaratory Judgment upon the following facts:

2. The Plaintiff has never had a student loan, and the Plaintiff has never defaulted upon

   a student loan account held by the US Department of Education, Federal Student Aid.

3. In 2016, pursuant to Federal Direct Consolidation Loan, Debt No. ███9739, account

   number ████6455, the United States Department of Education began garnishing

   the Plaintiff's wage, and did an IRS tax intercept, claiming that the Plaintiff had

   defaulted on a student loan.

4. The Plaintiff contacted the US Department of Education and informed them said government entity that not only was she not in default of a federally backed student loan, she did not have a federally backed student loan. The Plaintiff requested, pursuant to the Federal Fair Debt Collection Practices Act, any and all information that the Defendant was relying upon to state that this was a valid debt.

5. In response to the Plaintiff's request for information, the Defendant provided the Plaintiff with a one (1) page document, attached as Exhibit "A" to this Declaratory Judgment Action, identifying the borrower as Teresa Moore, and stated that the borrower's social security number was ███████471, as is accurately reflected in Exhibit "A."

6. On August 19, 2016, the Plaintiff sent a detailed document to the US Department of Education indicating that she was the victim of identity theft and provided supporting proof to show that she had not applied for the loan. A complete copy of all of the documentation provided to the Defendant is attached as Exhibit "B" to this Declaratory Judgment Action.

7. Despite being provided with all of the documentation, the Defendant has continued with a wage garnishment, and refuses to acknowledge that the Plaintiff did not have a student loan.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests this Honorable Court, pursuant to the authority granted unto her pursuant to the Declaratory Judgment Act cited above, to declare that the Plaintiff did not secure a government-backed student loan; to order the US Department of Education to remove the garnishment currently in place with the Plaintiff's employer; to reimburse all of the monies that the US Department of

Education has seized pursuant to the garnishment through an IRS tax intercept, including applicable statutory interest; to award the Plaintiff her attorney's fees; and to award the Plaintiff other damages as are available under the law.

Respectfully submitted this the _7th_ day of June, 2018.

TERESA SEIVERS

BY: _____
DAIL R. CANTRELL (014780)
Attorney for Plaintiff

OF COUNSEL:

THE CANTRELL LAW FIRM
Post Office Box 299
Clinton, Tennessee 37717
(865) 457-9100

## COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. 20-12-120.

_____
PRINCIPAL

_____
THE CANTRELL LAW FIRM
SURETY
DAIL R. CANTRELL (014780)
P.O. Box 299
Clinton, Tennessee 37717
(865) 457-9100



MAY 1 5 2003

Borrower's Name: TERESA MOORE
Borrower's Social Security Number: ███ 1471

**REPAYMENT PLAN SELECTION**

Carefully read question #5, "What are my repayment plan options?," on the "Frequently Asked Questions" Page to understand the repayment plans available to you. Then, complete this section to select your repayment plan. Remember—

- All student loans must be repaid under the same repayment plan. Parent PLUS loans may be repaid under a different repayment plan.
- If you select the Income Contingent Repayment Plan, you must complete the "Repayment Plan Selection" AND "Income Contingent Repayment Plan Consent to Disclosure of Tax Information" forms. Both forms can be downloaded from the "Forms and Publications" Page. **Your selection cannot be processed without these forms.**
- **If you want to consolidate a defaulted student loan(s) and you have not made a satisfactory repayment arrangement with your current holder(s), you must select the Income Contingent Repayment Plan.**

Place an "X" in the box that corresponds to your repayment plan selection for each loan type. Note that Direct PLUS Consolidation Loans cannot be repaid under the Income Contingent Repayment Plan.

| | | Income Contingent | Standard | Extended | Graduated |
|---|---|---|---|---|---|
| **STUDENT LOANS** | Direct Subsidized and Unsubsidized Consolidation Loans: | X | | | |
| **PARENT LOANS** | Direct Plus Consolidation Loans: | N/A | | | |

## PROMISSORY NOTE

**Promise to Pay:**
I promise to pay to the U.S. Department of Education (ED) all sums (hereafter "loan" or "loans") disbursed under the terms of this Promissory Note (note) to discharge my prior loan obligations, plus interest, and other fees that may become due as provided in this note. If I fail to make payments on this note when due, I will also pay collection costs including but not limited to attorney's fees and court costs. If ED accepts my application, I understand that ED will on my behalf send funds to the holder(s) of the loan(s) selected for consolidation in order to pay off this loan(s). I further understand that the amount of this loan will equal the sum of the amount(s) that the holder(s) of the loan(s) verified as the payoff balance(s) on that loan(s) selected for consolidation. My signature on this note will serve as my authorization to pay off the balance(s) of the loan(s) selected for consolidation as provided by the holder(s) of such loan(s).

This amount may be more or less than the estimated total balance I have indicated in the Loan Information Section. Further, I understand that if any collection costs are owed on the loans selected for consolidation, these costs may be added to the principal balance of the consolidation loan.

I understand that this is a Promissory Note. I will not sign this note before reading it, including the text on the reverse side, even if I am advised not to read the note. I am entitled to an exact copy of this note and a statement of the Borrower's Rights and Responsibilities. My signature certifies that I have read, understand, and agree, to the terms and conditions of this note, including the Borrower Certification and Authorization printed on the reverse side and the Borrower's Rights and Responsibilities.

If consolidating jointly with my spouse, we agree to the same terms and conditions contained in the Borrower Certification and Authorization. In addition, we confirm that we are legally married to each other and understand and agree that we are and will continue to be held jointly and severally liable for the entire amount of the debt represented by the Federal Direct Consolidation Loan without regard to the amounts of our individual loan obligations that are consolidated and without regard to any change that may occur in our marital status. We understand that this means that one of us may be required to pay the entire amount due if the other is unable or refuses to pay. We understand that the Federal Direct Consolidation Loan we are applying for will be cancelled only if both of us qualify for cancellation. We further understand that we may postpone repayment of the loan only if we provide ED with written requests that confirm Federal Direct Consolidation Loan Program deferment or forbearance eligibility for both of us at the same time.

**I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.**

*Teresa C. Moore*                                          5/9/03
Signature of Borrower                                      Date

_____                          _____
Signature of Spouse(If consolidating jointly)             Date

https://loanconsolidation.ed.gov/app_entry_application/servlet/wae.appentry.PrintConfirm... 05/07/2003



EXHIBIT

B

Teresa Seivers
706 Florida Ave.
Oak Ridge TN 37830

August 19, 2016

US Department of Education
ATTN: AWG Hearings Branch
PO BOX 5227
Greenville TX 75403-5227

RE: Account # ████6455 Request for Hearing

To Whom it May Concern:

I am writing to request a hearing on the above referenced account #, as I believe there are special circumstances surrounding this account that have not been resolved by my previous contacts with you.

I dispute that I owe this debt to the US Department of Education or to any other agency. I believe that an error has been made or that someone has deliberately used my social security number to acquire this loan.

I first became aware of this account in April 2013 when I received notice that my tax refund was being seized to offset this debt. On April 1, 2013 I contacted the Dept. of Education through the phone number included in the notice. I was informed that my social security number was used, along with the name Teresa A. Moore, to secure a student loan in the amount of $9877.88 in July 2003. When I disputed this information, I was given a list of identification documents to mail in to the Dept. of Ed. to back up my claim. I remitted the requested documents and waited to hear something.

In July of 2013, I was contacted by Direct Loans with an offer to consolidate two student loans totaling $9875.46. Again, I disputed that I owed these loans and asked for proof of the loans. I received a copy of a document purported to be the promissory note involved. As you can see from the attached copy(enclosure #5), this document contains no identifying information for the borrower, other than name and social security number. Nor does it contain information for the school or loan originator or amount of loan. It is dated May 15,2003 and clearly shows that it is page 1 of 3, but I did not receive the other 2 pages.

I contacted Direct Loans and explained that I believed someone had used my social security number without my authorization to apply for this loan. They requested copies of the same identifying documents I had submitted to the Dept. of Education and a false certification form. I contacted them about the proper way to fill out this form since I was not the borrower and had none of the required information about the school, attendance dates, etc. They told me to fill it out in the name of Teresa A. Moore, since that was the name associated with the loan. I refused to submit a form with false information and was told they couldn't help me if I didn't send that form.

I did not receive any further contact from the Department of Education or from Direct Loans, and my husband's failing health prevented me from following up with them as I should have. When he passed away in March 2014, this problem, quite honestly, went to the bottom of the heap and I thought no more about it. I suppose I assumed it had been resolved.

In March 2016, I received notice that my tax refund was offset for this debt. Again, I contacted the phone number on the offset notice and explained this whole situation. I was told they would research it and get in touch with me. In June 2016 I received a bill from a collection agency called ConServe for a principal balance of $9831.79 and a total balance of $13122.92. Now, August 2016, I have this letter of wage garnishment from the US Department of Education.

Frankly, this has been an extremely frustrating situation. In addition to all of the agencies I have contacted overlooking my claim, it seems no agency can even agree on the amount in question. No one can tell me what school was involved, where the loan (or loans) originated from, or any personally identifying information about the borrower. Everyone I have dealt with insists that it must be my debt because my social security number is attached to it. Although the social security number ■■■■■1471) associated with this loan is mine, I did not contract for, or receive proceeds from, this loan. My name is not Teresa A. Moore, nor has it ever been. In 2003 my name was Teresa Bookout, as evidenced by the copy of my ID (enclosure #3). I have never used Teresa A. Moore as a nickname, alias, AKA, *nom de plume* or *nom de guerre*. I do not know who Teresa A. Moore is or how this person used my social security number. I did not attend any school in 2003 nor did I apply for any loan(s) to do so.

I am requesting that you review the records and the enclosed documents. I believe you will find that this debt is not mine. If you find that I have been charged with this debt in error, please take the necessary steps to remove it from my credit record and collections. If you could also return the $4924.00 that was paid to the US Department of Education from my tax refunds that would be a huge help to a struggling widow.

Thank you for your time and consideration in this matter. I look forward to hearing from you.

Sincerely,


Teresa Seivers


Enclosures:
#1 – Current ID and signature samples
#2 – Birth Certificate
#3 – Past ID and signature samples
#4 – signature sample
#5 – Promissory note
#6 – loan information and balance from 2013
#7 – loan balance 2016







# STATE OF LOUISIANA
## CERTIFICATION OF VITAL RECORD

## CERTIFICATION OF BIRTH

BIRTH NO: ████████668

CHILD'S NAME (LAST, FIRST, SECOND)
**HAMMONS, TERESA ANNE**

| BIRTH DATE | TIME OF BIRTH | SEX | NUMBER BORN | BIRTH ORDER |
|---|---|---|---|---|
| ████1964 | **** | F | 1 | 1 |

PLACE OF BIRTH (CITY, TOWN, OR LOCATION)
**ALEXANDRIA**

NAME OF HOSPITAL OR INSTITUTION
**ST FRANCES CABRINI HOSPITAL**

RESIDENCE OF MOTHER (CITY, TOWN, OR LOCATION)
**BENTLEY**

| PARISH | STATE | ZIP Code |
|---|---|---|
| **GRANT** | **LA** | **71407** |

STREET ADDRESS OF RESIDENCE
**HWY 167**

FATHER'S NAME (LAST, FIRST, SECOND)
**HAMMONS, PRENTISS**

CITY AND STATE OF BIRTH (IF NOT U.S., NAME OF COUNTRY)
**JACKSON, MISSISSIPPI**

AGE AT THIS BIRTH
**39**

MOTHER'S MAIDEN NAME (LAST, FIRST, SECOND)
**HOOPER, MYRA JANICE**

CITY AND STATE OF BIRTH (IF NOT U.S., NAME OF COUNTRY)
**ALEXANDRIA, LOUISIANA**

AGE AT THIS BIRTH
**21**

| FILE DATE | DATE ISSUED |
|---|---|
| **April 6, 1964** | **March 7, 2014 10:45:52 AM** |

A REPRODUCTION OF THIS DOCUMENT IS
VOID AND INVALID. DO NOT ACCEPT

ISSUED BY: Ruffin, Sharon

*003546646*

I CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A CERTIFICATE
OR DOCUMENT REGISTERED WITH THE VITAL RECORDS REGISTRY OF
THE STATE OF LOUISIANA, PURSUANT TO LSA – R.S.40:32, ET SEQ.

DEVIN GEORGE
STATE REGISTRAR

WARNING: IT IS ILLEGAL TO ALTER OR COUNTERFEIT THIS COPY

I have lived a multitude of lives.
Some for good, some for bad.
One day, I'll have the memories
Of all the times I've had.

Until that bright light shines,
And the clouds of the past disappear,
I'll forgive myself my misdeeds,
And forgive all those I hold dear.

I've loved, hated, hurt and healed,
These things I know for ~~fact~~.
But the slate can be wiped clean,
With one, true, loving act.

---

1:10 pm.
08/14/02
Teresa

## IN THE SEVENTH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## CIRCUIT DIVISION

TERESA SEIVERS, a citizen and resident    ]
of Anderson County, Tennessee, residing at 706    ]
Florida Avenue, Oak Ridge, TN 37830,    ]

    ]

      Plaintiff,    ]

    ]

v.    ]    Docket No. *B8 U7DO83*

    ]

BETSY DEVOS, in her capacity as Secretary for    ]
the United States Department of Education,    ]
Department of Education Building; 400 Maryland    ]
Avenue SW, Washington, DC, 20202    ]

    ]

      Plaintiff.    ]

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## PROPOUNDED TO THE DEFENDANT

The following Interrogatories are propounded unto the Defendant, pursuant to Tennessee

Rules of Civil Procedure 33 and 34, which require you to answer the following Interrogatories,

under oath, pursuant to the provisions of those rules.

### Definitions and Instructions

1.    As used herein, the terms "you," and "your", or "yourself" refers to the Defendant, each of Defendant's agents, representatives and attorneys, and each person acting or purporting to or on Defendant's behalf.

2.    As used herein, the term "person" shall include natural persons, firms, partnerships, associations, joint ventures, corporations, agencies, boards, authorities, commission, governmental entities, and any other form of legal or informal entity.

3.    "And" as well as "or," as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

4.    The term "Document" shall be defined as the original, and if the original is unavailable any copy of any tangible thing or subject matter having any informational content whatsoever, which is now in the actual or constructive

possession, custody, or control or you, your attorneys or your representatives of any type whatsoever. Without limiting the generality of the foregoing, and for the purpose of illustration only, the term "Document" shall include, but is not limited to, the following:

a.  Handwritten, printed, typewritten, computer-generated, recorded, graphic, or photographic material of any kind or character;

b.  Any and all tapes, disks, and non-duplicate copies and transcripts thereof; and

c.  Any and all memoranda, books, records, filings, reports, notes, desk calendars, diaries, telegrams, transcripts, cables, telex transcriptions, correspondence, graphs, charts, letters, lists, minutes, agenda, computer print-outs, data compilations, drafts, contracts, agreements, notations of conversations or conferences, inter-office and intra-office communications, bulletins, circulars, pamphlets, studies, notices, summaries, teletype messages, drawings, tables, financial statements and records, accounting statements and records, invoices, worksheets, ledgers, voucher, receipts, and all other writings of any and every description; and

d.  Any and all photographs, movies, tapes, electromagnetic audio or video recordings, laser disks, microfilms, microfiche, computer cards, computer tapes, computer disks or diskettes, computer programs, sound records, and any and all other records of any and every description; and

e.  Any and all drafts or copies of any of the objects defined as documents in parts (a)-(d) above, which are not identical to the original of such documents.

5.  When an Interrogatory requires you to "state the basis of " a particular claim, contention, or allegation, state in your answer all facts that you think support, refer to, or evidence such claim, contention, or allegations and the identify of each and every evidences of such claim, contention, or allegation.

6.  As use herein, "Identify" or "Identification" shall mean:

a.  When used in reference to a person, such terms shall call for his or her full name, present or last-known address, telephone number, present or last place of employment and relationship to you, and the events relative to this litigation.

b.  When used in reference to a document, such terms shall call for its date, its author, the person to whom it was directed (if applicable), the type of document (e.g. letter, memorandum, telegram, chart, etc.), the heading or

title of the document (if applicable), its present location, each of its present custodians, and a detailed summary of its contents.

    c.    If any Interrogatory requests identification of a document and such document was, but is no longer, in the possession or subject to the control of you, state whether it (a) is missing or lost, (b) has been destroyed, and (c) has been transferred to others, or approximate date thereof.

7.    In lieu of a summary of the contents of any documents as required by these instructions, you may furnish simultaneously with the filing of answers to these Interrogatories, such document for inspection and copying; and, in the event you choose to produce in lieu of summarizing its contents, your answer to these Interrogatories should state with particularity the document being produced and such document should accompany the answer. When producing the actual document in lieu of a summary of it, you admit the authenticity of the document produced.

8.    This singular and plural of words shall be interpreted either in the singular or plural to bring within the scope of these Interrogatories any information that might otherwise be construed to be outside the scope of these Interrogatories and shall not be interpreted so as to exclude any information otherwise within the scope of any one or more of these Interrogatories.

9.    As used herein, the present shall always include the past tense.

10.    If privilege is claimed as a ground for not answering any Interrogatory or if any Interrogatory is otherwise objected to, describe the legal and factual basis for the claim of privilege or other objection.

11.    These Interrogatories are continuing in nature, and supplemental answers should be supplied in the event that additional or different information becomes available. Supplemental answers are to be filed and served pursuant to Rule 26.05 of the Tennessee Rules of Civil Procedure.

INTERROGATORY NO. 1: Please set forth the complete name, telephone number, and address of the individual answering these Interrogatories. Also, please set forth what position said person holds with the US Department of Education.

ANSWER:

INTERROGATORY NO. 2: Please provide as an Exhibit to these Interrogatories, any and all documentation, including digital documentation, that the Defendant intends to rely upon to assert that the Plaintiff owes the Defendant any money.

ANSWER:

INTERROGATORY NO. 3: Please identify by setting forth their complete name, address, and telephone number, any and all witnesses that the Defendant intends to call at trial, and set forth a brief synopsis of what said witness is believed to be possessed.

ANSWER:

Respectfully submitted this the ___ day of June, 2018.

**DAIL R. CANTRELL (014780)**
**Attorney for Plaintiff**

**OF COUNSEL:**

**THE CANTRELL LAW FIRM**
**Post Office Box 299**
**Clinton, Tennessee 37717**
**(865) 457-9100**